**FAUMUINA SUAFA`I SATELE, Plaintiff,**

**v.**

**TAUTOLO GALOSA and AMERICAN SAMOA
POWER AUTHORITY, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 09-95
LT No. 31-95

March 1, 2001

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima and Marie A. Lafaele
For Defendant Tautolo Galosa, Arthur Ripley, Jr.
For Defendant American Samoa Power Authority, Roy J.D. Hall, Jr.

ORDER GRANTING MOTION FOR RECONSIDERATION OR NEW
TRIAL, AND PROVIDING FOR A LIMITED REHEARING

Defendant Tautolo Galosa ("Tautolo") moved for reconsideration or a new trial of the Court's order entered on November 6, 2000, that partially granted the motion by Plaintiff Faumuina Suafa`i Satele ("Faumuina") for reconsideration or a new trial of our opinion and order entered on August 3, 2000. The motion was heard on February 15, 2001. Only Tautolo's counsel appeared.

## Discussion

■■■■ Faumuina argues, by written opposition to Tautolo's present motion, that Tautolo's motion is untimely because it was filed more than 10 days after the opinion and order was entered. *See* A.S.C.A. § 43.0802(a). We disagree. The 10-day time limit is mandatory and jurisdictional. *Am. Samoa Gov't v. Falefatu*, 17 A.S.R.2d 114, 119 (Trial Div. 1990); *see also In re Matai Title "Mulitauaopele"*, 17 A.S.R.2d 75, 80 (Land & Titles Div. 1990). However, the 10 days sensibly run from the date of entry of the order partially granting Faumuina's motion for reconsideration or new trial. This order substantially modified the original decision and was effectively a new judgment for purposes of filing a motion for new trial with respect to the modification. *See Judicial Memorandum No. 2-87*, 4 A.S.R.2d 172, 174 (1987). We have, therefore, carefully considered the substantive arguments put forth by Tautolo's present motion.

■■■■ "A new trial may be granted . . . on all or part of the issues for any of the reasons for which rehearings have heretofore been granted in suits in equity." T.C.R.C.P. 59(a). Rule 59 gives a trial court broad discretion to permit a new trial in the interests of justice and applies equally to nonjury trials. 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2803 & 2804 (2d ed. 1995). A new trial may be appropriate in order to reweigh the evidence for this purpose even when there is substantial evidence supporting the decision. *Id.* at § 2806.

A rehearing limited to specific factual issues is justified in this case. We originally held that as between Faumuina and Tautolo, the entire land at issue was the Tautolo family's communal land. Upon Faumuina's motion for reconsideration or new trial, we revised the decision to hold that a particular portion of the land was the Faumuina family's communal land. However, Tautolo's present motion demonstrates that the revision deserves further evaluation.

■■ Unfortunately, the sole associate judge sitting on this case up to this point is now fully retired from the bench and is now a newly selected Senator in the Legislature of American Samoa. He is not presently available to participate with the presiding justice in the deliberations. Hence, we will hold a rehearing with a new panel of associate judges.

However, the rehearing will be limited to taking evidence relevant to any acquisition of title to the land held by the Faumuina family, as claimed by Faumuina and disputed by Tautolo. Further evidentiary development on this factual issue is required for the ends of justice in this case. All other factual issues can be decided by the new panel of judges on the evidence previously admitted.

### Order

We grant Tautolo's motion for reconsideration or a new trial. The existing judgment is opened. A rehearing will be scheduled upon either party's motion. During the rehearing, the new panel of judges will take additional evidence that is limited and relevant to the specific factual issue of any acquisition of title to the land at issue, or any part of it, by the Faumuina family. Evidence previously admitted will be considered for other findings of fact. We will then amend or make new findings of fact and conclusions of law, as may be appropriate, and direct entry of a new judgment.

It is so ordered.